UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CAROLYN LECLAIR | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:15-cv-13526 |
|  | ) | |
| TAURUS LAW GROUP, PC | ) | |
| Defendant, | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.       INTRODUCTION**

1. This is an action for actual and statutory damages brought by plaintiff Carolyn LeClair, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to try to collect an alleged debt from Plaintiff.

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, Carolyn LeClair is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Suffolk County, in the state of Massachusetts.

5.  Defendant, Taurus Law Group, PC is a collection agency and domestic corporation engaged in the business of collecting debt in this state with its principal place of business located in Essex County, in the state of Massachusetts.

6.  Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   FACTUAL ALLEGATIONS

8. Sometime before October 8, 2015, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to October 8, 2015; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Within one year prior to the filing of this complaint, Defendant called Plaintiff's cellular telephone number of (XXX) XXX-1735, during the second quarter of 2015, and spoke to Plaintiff, who told it to cease calling her.

13. Defendant knew that its continued calls to Plaintiff would annoy and harass her, as she had already told them that she was disabled and had no ability to pay on the alleged debt, and that this would not change.  However, Defendant continued to call Plaintiff. One of these continued calls occurred in early June of 2015.

14. Defendant's ignoring of Plaintiff's specific and reasonable oral request for it not to continue to call her during the period of time in which it was calling her, and its continued calls to Plaintiff, were violations of the FDCPA.  These calls by Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and the conduct by Defendant was in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692c(a)(1), and (d), by calling Plaintiff during a time period that she had already directly given Defendant reason to know would annoy, harass, and inconvenience her. The FDCPA states that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, and that the general application of this should not be limited.

## V. CAUSES OF ACTION

## CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

15. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Punitive damages.

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. For such other and further relief as the Court may deem just and proper.

Dated:   October 8, 2015

RESPECTFULLY SUBMITTED,
By: /s/ Kevin V. K. Crick
Kevin V. K. Crick, Esq.
BBO:  680950
Consumer Rights Law Firm, PLLC
133 Main St., Second Floor
North Andover, Massachusetts 01845
Phone: (978) 420-4747
Fax: (978) 409-1486
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff Carolyn LeClair**